UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY MINER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-cv-706-JMB |
|  | ) |  |
| ST. ANN POLICE DEPARTMENT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Anthony Miner for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, upon review the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15.

## The Complaint

Plaintiff brings this action against the St. Ann Police Department. He claims this Court has federal question jurisdiction over this case due to "harassment, towing of my vehicle, illegal search, improper [illegible], refusal of rights." (Docket No. 1 at 3). For his statement of claim, he alleges:

> They constantly harass me, tow my car, damage my personal property, put dogs in my car, taze my daughter, harass my family members.

*Id.* at 5. As relief, plaintiff seeks "cash compensation for damages and pain and suffering" in the amount of $25,000. *Id.* at 5-6.

## Discussion

The Court has carefully reviewed and liberally construed the complaint, and has determined that it must be dismissed. Because plaintiff appears to seek redress for violation of his civil rights, the Court construes the complaint as brought pursuant to 42 U.S.C. § 1983. However, the sole named defendant, the St. Ann Police Department, is not an entity that can be sued under § 1983. The complaint is therefore legally frivolous. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such"). Even if plaintiff had named the appropriate municipality as a

2

defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and any constitutional violation. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

In addition, plaintiff's allegations are merely the "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."). Having liberally construed plaintiff's allegations, the Court concludes that they allege nothing more than a "mere possibility of misconduct," and therefore fail to demonstrate a plausible claim for relief. *Id.* at 679. This action is subject to dismissal on this basis, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of May, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE